UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAVEL FERRERA PARRA,

    *Plaintiff*,

v.

COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-01680 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Ravel Parra's application to proceed *in forma pauperis*, his *pro se* amended complaint, and several motions. The Court grants the application, dismisses the complaint and this civil action, and denies Plaintiff's motions as moot.

Parra submitted a complaint to the Council of the Inspectors General on Integrity and Efficiency ("CIGIE") in June 2024 alleging misconduct by the former Commissioner of Social Security and senior officials at the Social Security Administration. *See generally* ECF No. 10 (Amended Complaint, or "AC").[1] CIGIE issued a letter stating that the matter had been referred to the U.S. Office of Special Counsel ("OSC"). *Id.* ¶ 14. Parra contends that CIGIE unlawfully closed his complaint and seeks judicial intervention to compel further review and referral to other agencies. *See id.* ¶¶ 21–35(a)–(d). Specifically, he requests (a) a declaration that Defendants

---

[1] CIGIE is an organization within the Executive Branch created in 2008 to "address integrity, economy, and effectiveness issues that transcend individual Government agencies" and "increase the professionalism and effectiveness" within the "offices of the Inspectors General." *Jefferson v. Harris*, 170 F. Supp. 3d 194, 220 (D.D.C. 2016) (quoting 5 U.S.C. App. 3 § 11(a)(2)). The "Integrity Committee" within CIGIE is tasked with furthering this mandate. *Id.*

1

violated the Administrative Procedure Act ("APA"), the Inspector General Act ("IGA"), and the Fraud Enforcement and Recovery Act by failing to process or refer Plaintiff's complaint; (b) an order compelling Defendants to reopen and reprocess his complaint; and (c) injunctive relief requiring referral of the complaint to the DOJ, FBI, or Government Accountability Office. AC ¶ 35(a)–(d). But Parra "has not identified an injury that he specifically suffered on account of the Integrity Committee's no-investigation decision," so he does not have standing to press his claim. *Jefferson v. Harris*, 170 F. Supp. 3d 194, 220 (D.D.C. 2016). Further, even if Parra could satisfy the prerequisites for Article III standing, he lacks a viable cause of action.

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To satisfy that requirement, a plaintiff must establish that he has standing to sue, meaning, at a minimum, that he has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and the D.C. Circuit "has extended this principle to encompass a private citizen's interest in the investigation of another." *Jefferson*, 170 F. Supp. 3d at 221. It is therefore not enough for Parra to allege that he was denied "lawful access to oversight and fraud referral mechanisms," because even if Parra suffered "administrative stonewalling," ECF No. 2 (Mot. for Injunction or Writ of Mandamus) at 2–3, Parra does not have a judicially cognizable interest in the agency's investigatory decisions. Further, he "cannot establish standing on [the] basis" of "a bare violation of a federal statute." *Jefferson*, 170 F. Supp. 3d at 221.

Parra's reliance on 5 U.S.C. App. 3 § 11(d)(11) also does not help him because it "confers neither substantive nor procedural rights on any individual." *Id.* (citing 5 U.S.C. App. 3 § 11(d)(11)). As in *Jefferson*, Parra "has not addressed why the broad and all-encompassing language of this provision does not operate to bar his claim here." *Id. Jefferson* similarly addresses why Parra cannot press his claims under the APA. Because "the statutory standards governing when and how the Integrity Committee should investigate a particular matter do not lend themselves to judicial resolution, particularly with regard to the Committee's decision not to investigate a particular matter . . . [Parra] cannot circumvent the IGA's clear language by bringing a parallel claim under the APA." *Id.*; see 5 U.S.C. § 701(a)(2) (exempting from judicial review agency action that is "committed to agency discretion by law"). Finally, to the extent that Parra attempts to ground his claims in due process, precedent forecloses that approach too. *See Futch v. Fine,* 2009 WL 565616, at *1 (D.D.C. Mar. 5, 2009) ("There is . . . no such thing as a due process right to an investigation by the Department of Justice's Inspector General."), *aff'd*, 342 F. App'x 638 (D.C. Cir. 2009).

In short, the Court lacks jurisdiction over Parra's claims and accordingly dismisses his suit without prejudice. A separate Order will issue contemporaneously.

DATE: November 13, 2025

CARL J. NICHOLS
United States District Judge

3